```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

VINCENT DUWE, III,

                    Petitioner,            MEMORANDUM & ORDER
                                            20-CV-05403(EK)
         -against-

EARL BELL, Superintendent of Clinton
Correctional Facility,

                    Respondent.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Petitioner Vincent Duwe, III, appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He appeals his 2015 conviction on three counts of first-degree sexual conduct against a child. He was sentenced to twenty years' imprisonment — ten years on count one and ten years each on counts two and three, with the sentences on counts two and three running concurrently to one another.

Petitioner seeks habeas corpus relief on the grounds that: (i) the evidence of his guilt was legally insufficient to sustain his conviction; (ii) his trial counsel was constitutionally ineffective; and (iii) the trial court violated his due-process rights by allowing testimony about uncharged sexual contact. He also claims that he is actually innocent.

Respondent moved to dismiss the petition in its entirety because it contains unexhausted claims — namely, Petitioner's claims that his trial counsel was ineffective and that he is "actually innocent." ECF No. 6. In response, Petitioner filed a motion asking the Court to stay the proceeding and hold the petition in abeyance so that he can return to state court to exhaust these claims. Petitioner's Mot. for Stay and Abeyance ("Pet'r's Mot."), ECF No. 9.

## I.  Discussion

As a general rule, a state prisoner must exhaust available state-court remedies before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). "Exhaustion of state court remedies requires that a habeas petitioner's federal claim must be 'fairly presented' to the state court." *Willette v. Fischer*, 508 F.3d 117, 121 (2d Cir. 2007). If a petition is "mixed" — meaning it contains both exhausted and unexhausted claims — "the petition ordinarily must be dismissed unless the petitioner (1) meets the criteria for a 'stay and abeyance' while the petitioner exhausts his claims in state court, or (2) agrees to delete the unexhausted claims." *Gray v. Ercole*, No. 08-CV-3300, 2008 WL 5082868, at *3 (E.D.N.Y. Nov. 25, 2008) (citing *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198 (1982); *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). A district court also has

discretion to deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2).

Here, Petitioner moves for stay and abeyance. The Supreme Court has stated that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the "twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996 — namely, reducing delays and encouraging exhaustion of state remedies prior to habeas filings. *Rhines*, 544 U.S. at 276-77. Accordingly, a stay "should be available only in limited circumstances." *Id*. A petitioner must show: (1) "good cause" for his failure to exhaust; (2) that the "unexhausted claims are potentially meritorious"; and (3) and that he did not "engage[] in intentionally dilatory litigation tactics." *Id*. at 278.

**A. Good Cause**

The *Rhines* court did not define the term "good cause." District courts have determined, however, that good cause "requires a showing of either (1) some factor external to the petitioner [that] gave rise to the default or (2) reasonable confusion, which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Jeffrey v. Capra*, No. 20-CV-232, 2020 WL 4719629, at *2 (E.D.N.Y. Aug. 12, 2020).

Petitioner has not established "good cause" for not exhausting his claims prior to filing the habeas petition. He explains that in July 2019, he hired "attorneys and paralegals" at the "United Paralegal Services of Maryland" to prepare a motion under Section 440.10 of New York's Criminal Procedure Law raising the ineffective counsel and "actually innocent" claims. Pet'r's Mot. at 9, 18. Petitioner's attorneys told him that the motion would be filed within six months. *Id*. at 18. In or around February 2020, at the onset of the COVID-19 pandemic, Petitioner's attorneys informed him that they would be delayed in preparing the state motion. *Id*. Petitioner thereafter made numerous attempts to contact the organization to inquire about the status of his motion, but received vague or no responses. *Id*. at 18-19. Petitioner filed the instant habeas petition in November 2020. As of March 15, 2021, when Petitioner moved for stay and abeyance, the firm still had not contacted him. *Id*. at 19. He indicates that he has decided to draft the 440.10 motion *pro se*, *id.*, though Respondent informed the Court on September 22, 2021 that Petitioner has not yet commenced the contemplated state action. ECF No. 11.

Petitioner thus contends that his appellate counsel is the "external" factor that caused his default. In some circumstances, the ineffective assistance of appellate counsel might establish good cause under *Rhines* for a failure to

4

exhaust.  *Harris v. Artus*, No. CV-06-1337, 2007 WL 9832960, at *3 n.1 (E.D.N.Y. Mar. 28, 2007); *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (good cause where appellate counsel did not raise a "complex claim of which [petitioner] was unaware when he filed his habeas petition").  Good cause is not shown, however, where a petitioner is aware that retained counsel will not be filing his claim in state court, but provides no reason why he did not act, such as through filing the motion *pro se*, in light of this information.  *Knight v. Colvin*, No. 17-CV-2208, 2019 WL 569032, at *5 (E.D.N.Y. Feb. 11, 2019) ("Petitioner knew of the factual predicates for such a motion at the time of his appeal . . . . [T]hat petitioner's appellate counsel disregarded petitioner's request to file a 440 motion does not explain why petitioner could not have filed such a motion *pro se* either concurrent with his direct appeal or after his direct appeal was decided." (cleaned up)); *Newman v. Lempke*, No. 13-CV-0531, 2014 WL 4923584, at *3 (W.D.N.Y. Sept. 30, 2014) (no good cause where petitioner "was aware, more than four months prior to the expiration of the statute of limitations, that neither his appellate counsel nor another attorney retained by petitioner would be presenting [his] claim to the state courts in a C.P.L. § 440 motion").

5

Here, Petitioner did not file his Section 440.10 motion despite knowing of counsel's delay since February 2020. Even assuming counsel misled Petitioner between July 2019 and February 2020, Petitioner offers no explanation why he did not file the Section 440.10 motion in the subsequent nine months (between February and November, when he commenced this habeas action). Accordingly, Petitioner has failed to satisfy this *Rhines* factor, and a stay would be inappropriate on this record.

**B. Potential Merit**

*Rhines* also requires a petitioner to establish that his claim is "potentially meritorious," or in other words, not "plainly meritless." *Rhines*, 544 U.S. at 276, 278. An unexhausted claim is deemed plainly meritless when "it is perfectly clear that the petitioner has no hope of prevailing." *Linares v. People of State of New York*, No. 04-CV-2973, 2008 WL 2115231, at *2 (S.D.N.Y. May 14, 2008).

Petitioner has not established that his ineffective assistance of counsel claims are potentially meritorious under *Strickland v. Washington*, 466 U.S. 668 (1984). This claim is predicated, in particular, on the argument that his counsel failed to argue that the second and third counts of the indictment, pertaining to the same victim, were multiplicitous. Pet'r's Mot. at 12. Petitioner was sentenced to identical and

6

concurrent sentences on these counts. This claims fails, therefore, because there is no "Supreme Court case that holds that collateral consequences of conviction are sufficient to establish *Strickland* prejudice where a defendant, serving identical sentences that run concurrently, challenges only one of two convictions and sentences." *Tavarez v. Larkin*, 814 F.3d 644, 649 (2d Cir. 2016).[1]

Petitioner's second unexhausted ground — that he is actually innocent — is similarly unaccompanied by a showing of potential merit. A freestanding claim of actual innocence is not, in itself, a ground for habeas relief, though it may excuse certain procedural defaults and may be relevant to the analysis of a specific constitutional violation alleged. *See Herrera v. Collins*, 506 U.S. 390 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.").[2]

For these reasons, the motion to stay the petition and hold it in abeyance is denied.

---

[1] Petitioner articulates other bases for the ineffective assistance claim — including his counsel's failure to request a missing-witness charge and call a certain expert — but he has not demonstrated that any of these claims have potential merit.

[2] Given that Petitioner has not satisfied either of the first two prongs of the *Rhines* test, the Court need not reach the third (dilatory tactics).

## II. Motion to Appoint Counsel

Petitioner also asks the Court to appoint counsel to assist him with his habeas petition. "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *U.S. v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam). Petitioner's motion is therefore denied.

## III. Conclusion

The Petitioner's motion for stay and abeyance, and his motion to appoint counsel, are denied. Respondent's motion to dismiss the petition in its entirety is also denied. Respondent must submit a response to the petition within thirty days of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45

(1962).  The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Petitioner.

SO ORDERED.

                                            /s Eric Komitee_____
                                            ERIC KOMITEE
                                            United States District Judge

Dated:   September 30, 2021
         Brooklyn, New York

9