UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

Vincent Duwe III,                               :

               Petitioner,           :        **MEMORANDUM DECISION**

      - v -                                  :        20-CV-5403 (DC)

Earl Bell, Superintendent,                      :

               Respondent.           :

------------------------------x

APPEARANCES:          VINCENT DUWE III
                            Petitioner *Pro Se*
                            Clinton Correctional Facility
                            P.O. Box 2001
                            Dannemora, New York 12929

                            JOYCE A. SMITH, Esq.
                            Nassau County Acting District Attorney
                            By:   Jason Richards, Esq.
                                  Assistant District Attorney
                            262 Old Country Road
                            Mineola, NY  11501
                                  Attorney for Respondent

CHIN, Circuit Judge:

        On April 24, 2015, following a jury trial, petitioner Vincent Duwe III was convicted in the Supreme Court of the State of New York, Nassau County (Corrigan, *J.*), of three counts of course of sexual conduct against a child in the first degree.  Dkt. 15 at 8. Duwe was sentenced to ten years' imprisonment, to be followed by ten years of post-

release supervision, on the first two counts to run consecutively, and was sentenced to ten years' imprisonment, followed by ten years of post-release supervision, on the third count to run concurrently. Dkt. 15 at 8. The Appellate Division, Second Department, affirmed his convictions, *People v. Duwe*, 83 N.Y.S.3d 582 (2d Dep't 2018) ("*Duwe I*"), and the New York Court of Appeals denied his application for leave to appeal, *People v. Duwe*, 32 N.Y.3d 1110 (2018) (Difiore, C.J.) ("*Duwe II*"), as well as his motion for reconsideration, *People v. Duwe*, 32 N.Y.3d 1203 (2019) ("*Duwe III*").

On November 5, 2020, Duwe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court (the "Petition"). Dkt. 1. Respondent, represented by the Nassau County District Attorney's Office, moved to dismiss the Petition on January 26, 2021, because the Petition contained unexhausted claims. Dkt. 6. On March 15, 2021, Duwe asked the Court to stay the Petition and hold it in abeyance so he could return to state court to exhaust those claims. Dkt. 9. On September 30, 2021, the Court (Komitee, J.) denied Respondent's motion to dismiss as well as Duwe's motion for a stay. Dkt. 12. Respondent filed its opposition to the Petition on November 16, 2021. Dkt. 15. On April 25, 2022, Duwe filed his reply. Dkt. 19.

On October 25, 2023, the case was reassigned to the undersigned.

For the reasons that follow, the Petition is DENIED.

## STATEMENT OF THE CASE

**A.**     *The Facts*[1]

Duwe was born in 1982. From his teenage years into adulthood, Duwe sexually abused his two much younger cousins on hundreds of occasions between 1995 and 2002. Dkt 8-1 at 5. R.V., Duwe's mother's brother's son, was eight years younger than Duwe. *Id.* C.V., Duwe's mother's other brother's son, was eleven years younger than Duwe. *Id.* Duwe began abusing R.V. when R.V. was five years old, anally raping R.V. and threatening to hurt R.V.'s mother if he told anyone. *Id.* R.V. told no one and the abuse continued until he was twelve. *Id.* C.V. was victimized even earlier. At age three, C.V. was forced to perform oral sex on Duwe; then, when C.V. was four, Duwe began to force anal sex on him. Duwe threatened to kill three-year-old C.V.'s mother if he did not stay quiet. C.V. told no one and the abuse continued until he was nine. *Id.* All of Duwe's illicit sexual conduct with the victims occurred at 2349 Beech Street in Wantagh, New York, where Duwe lived in a house with his parents and grandparents. *Id.* C.V. and R.V. frequently visited the grandparents at the house and often spent the night there. *Id.*

---

[1]     The facts are drawn from the People's brief on the direct appeal to the Appellate Division, which was filed in this Court as part of Respondent's Opposition to the Petition. It is not necessary to give a more detailed recitation of the facts to resolve Duwe's habeas corpus petition. Respondent's brief to the Appellate Division contains more detailed recitations of the facts with extensive citations to the trial record. *See* Dkt. 8-1. Those more detailed -- and graphic -- recitations do not bear repeating here.

For years, Duwe's younger cousins kept the abuse to themselves. *Id.* Neither knew that the other had been molested by Duwe and neither told anyone what had happened. *Id.* Originally, the victims told no one because Duwe had threatened to hurt their mothers and families. *Id.* Later, they were too ashamed to report the abuse. *Id.* In addition, they worried about how others in their close-knit extended family would react. *Id.* at 6. Finally, in 2012, R.V. learned from C.V.'s father that, as a child, C.V. had been abused by Duwe. *Id.* This discovery eventually led to R.V. and C.V. revealing to each other in 2014 that they had both been abused by Duwe, and they decided to go to the police. *Id.* On April 8, 2014, R.V. and C.V. went to the Nassau County Police Department's Special Victims Squad to report their abuse. *Id.* at 16. It was the first time that either R.V. or C.V. had discussed specific details of Duwe's abuse. *Id.* On May 5, 2014, they both (separately and without discussing specifics with each other) gave statements in the District Attorney's Office. *Id.* Finally, on June 4, 2014, the two men testified separately before the Grand Jury. *Id.* at 16-17.

**B.** *Procedural History*

    **1.** *State Court Proceedings*

        **1.** *The Trial Court*

Duwe was charged with three counts of course of sexual conduct against a child in the first degree. Dkt. 15 at 7-8. Count one pertained to Duwe's conduct with respect to C.V. between March 9, 1998, Duwe's sixteenth birthday, and November 5,

4

2004, the day before C.V.'s eleventh birthday. *Id.* Count two pertained to Duwe's conduct with respect to R.V. between March 9, 1998, Duwe's sixteenth birthday, and August 20, 2001, the day before R.V.'s eleventh birthday. *Id.* at 8. Count three pertained to Duwe's conduct with respect to R.V. between R.V.'s eleventh and twelfth birthdays -- that is, between August 21, 2001 and August 21, 2002. *Id.*

At trial, both C.V. and R.V. testified for the People about the abuse to which they were subjected during those time periods and the lasting effects that the trauma had on their mental health and personal relationships. *See* Dkt. 8-1 at 7-18. They also testified that early in the abuse, Duwe would threaten to hurt the victims' families if they told anyone what had happened. *Id.* Dr. Dawn Hughes, an expert in clinical and forensic psychology, also testified for the People, explaining how adult survivors of sexual abuse may experience depression, anxiety disorders, PTSD, and substance abuse disorders. *Id.* at 18.

Nicole Howard, who was a drama student with Duwe in college, testified for the defense that Duwe was so busy during college that he only went home on college breaks. *Id.* at 18-19. Arline Vitale, the grandmother of Duwe, R.V., and C.V., and Scott Vitale, Duwe's younger brother, testified that Duwe rarely came home, and was never left alone with R.V. or C.V. *Id.* at 19-20. Duwe also testified on his behalf, and denied all allegations against him, calling them "[c]ompletely outlandish and fabricated." *Id.* at 20.

The jury found Duwe guilty on all three counts. The court sentenced Duwe to. *Id.* at 21. The court also imposed ten years' post-release supervision on each of the counts, to run concurrently. *Id.*

## 2. *The Direct Appeal*

On January 6, 2017, Duwe, represented by counsel, appealed to the Appellate Division, Second Department, arguing that (1) the trial testimony of R.V. and C.V. was incredible as a matter of law due to their admitted illicit drug use and contradictions in the testimony; (2) there was no legitimate reason to allow the jury to hear testimony about Duwe's uncharged sexual conduct with the victims before he turned sixteen; (3) Duwe was denied a fair trial on account of the trial court's "pro-prosecution bias," which the court displayed in many of its evidentiary rulings; (4) the trial court erred in denying Duwe's request for the victims' school psychiatric records without first conducting an *in camera* review of the records; (5) the prosecutor's summation exceeded the bounds of professional advocacy and deprived Duwe of a fair trial; and (6) Duwe's sentence was excessive and should be reduced in the interest of justice. Dkt. 15 at 8-9.

On September 12, 2018, the Appellate Division reduced Duwe's sentences under counts one and two from ten years each to seven and a half years each. *Duwe I*, 83 N.Y.S.3d at 584. The Appellate Division affirmed Duwe's conviction as so modified. *Id.* The court held that Duwe's insufficiency of the evidence arguments were partially

6

unpreserved for appellate review, and in any event, the evidence was legally sufficient to establish Duwe's guilt. *Id.* It also held that the Supreme Court did not err in admitting the evidence of Duwe's prior bad acts, because "it provided necessary background information and the probative value of this evidence outweighed its prejudicial effect." *Id.* Finally, it found that Duwe's bias argument was unpreserved for appellate review and disposed of Duwe's remaining two claims on the merits (even after finding that he partially failed to preserve his argument that he was deprived of a fair trial for appellate review). *Id.* at 584-85.

On September 12, 2018, the New York Court of Appeals denied Dupree's application for leave to appeal. *Duwe II*, 32 N.Y.3d at 1110 (Difiore, C.J.). Then, on February 12, 2019, the Court of Appeals denied Duwe's *pro se* motion for reconsideration. *Duwe III*, 32 N.Y.3d at 1203.

### 3. *The Coram Nobis Application*

On February 4, 2020, Duwe applied to the Appellate Division for a writ of error *coram nobis*, arguing that he received ineffective assistance of appellate counsel because appellate counsel failed to argue that the second and third counts of the indictment were multiplicitous. Dkt. 15 at 10. On October 21, 2020, the Appellate Division denied the application, finding that Duwe failed to establish that he was denied effective assistance of appellate counsel. *People v. Duwe*, 130 N.Y.S.3d 753 (2d Dept. 2020) ("*Duwe IV*").

7

### 2. *Proceedings in this Court*

On November 5, 2020, proceeding *pro se*, Dupree filed the Petition asserting that (1) the evidence of his guilt was legally insufficient; (2) trial counsel was ineffective for failing to (a) request a missing witness charge; (b) call an expert witness to refute the State's expert witness; (c) argue that the second and third counts of the indictment were multiplicitous; (d) renew his motion to inspect the victims' school psychiatric records after they testified; and (e) request "CPS records referenced in discovery material"; (3) the trial court abused its discretion in allowing testimony on his uncharged sexual contact with the victims; and (4) he is actually innocent of the crimes of which he was convicted because (a) there was no DNA evidence; (b) the victims' psychological and school records were not reviewed; (c) petitioner "did not live in the residence during 4 years that alleged conduct took place"; and (d) "[o]ne of the [victim's] family members [had] a history of making false allegations of sexual abuse." Dkt. 1.

On January 26, 2021, the Nassau County District Attorney's Office moved to dismiss the Petition, because it contained unexhausted claims. Dkt. 6. On March 30, 2020, Duwe asked the Court stay the Petition and hold it in abeyance so he could return to state court and exhaust his remaining claims. Dkt. 9. On September 30, 2021, the Court denied the motion to stay the Petition, finding that Duwe had not demonstrated "'good cause' for not exhausting his claims prior to filing the habeas petition," Dkt. 12 at 4, or shown that his claims were potentially meritorious, *id.* at 6-7. The Court also

8

denied Respondent's motion to dismiss the Petition and ordered Respondent to file a response to the Petition within thirty days. *Id.* at 8. On November 16, 2021, the Nassau County District Attorney's Office filed its response to the Petition. Dkt. 15. On April 25, 2022, Duwe filed his reply brief. Dkt. 19.

On October 25, 2023, the case was reassigned to the undersigned.

## *DISCUSSION*

### A. *Federal Review of State Convictions*

A federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97-98 (2011); *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017). Hence, when a claim is adjudicated on the merits, the state court's decision must be accorded "substantial deference." *Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015). "A federal court may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam) (quoting

9

*Harrington*, 562 U.S. at 103); *see also Wetzel v. Lambert*, 565 U.S. 520, 524 (2012) (per curiam).

Moreover, "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law error is therefore insufficient for habeas corpus relief unless it rises to a level that implicates a federal constitutional right. *Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam) (citations omitted). Such error does not rise to the level of a constitutional violation unless the petitioner can demonstrate that the error had a "substantial and injurious effect or influence" on the jury's verdict. *Headley v. Tilghman*, 53 F.3d 472, 474 (2d Cir. 1995) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

Finally, a federal court may not grant the habeas petition of a state prisoner unless "the applicant has exhausted the remedies available in the courts of the State," or there is either "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claim[s] that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal citations and quotation marks omitted).

10

If a state court's decision regarding a claim "rests on a state law ground that is independent of the federal question and adequate to support the judgment," the claim is procedurally barred, whether the state-law ground is substantive or procedural. *See Coleman*, 501 U.S. at 729; *accord Bierenbaum v. Graham*, 607 F.3d 36, 47 (2d Cir. 2010). "When 'the petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *Aparicio*, 269 F.3d at 90 (quoting *Coleman*, 501 U.S. at 735 n.1. If a claim is procedurally barred pursuant to an independent and adequate state rule, a federal habeas court may not review it on the merits, unless the petitioner demonstrates (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

**B.** *Analysis*

The Petition presents the following claims: (1) the evidence of Duwe's guilt was legally insufficient; (2) trial counsel was ineffective; (3) the trial court abused its discretion in allowing testimony on Duwe's uncharged sexual contact with the victims; and (4) Duwe is innocent of the crimes of which he was convicted. Dkt. 1.

I start by discussing the exhausted claims -- the first and third claims -- and then discuss the unexhausted claims -- the second and fourth claims -- together.

### 1. *Insufficiency of the Evidence*

In his first claim for relief, Duwe argues that that the evidence against him was legally insufficient because the victims "gave mirrored, inconsistent and illogical accounts of decades old abuse, unworthy of belief." Dkt. 1 at 4-5. The Appellate Division rejected this claim, holding that it was partially unpreserved for appellate review but that, in any event, the verdict was sufficient and not against the weight of the evidence. *Duwe I*, 83 N.Y.S.3d at 584. Because the Appellate Division's decision constitutes a dismissal on state procedural grounds, Duwe's claim is procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750; *Murden v. Artuz*, 497 F.3d 178, 191-92 (2d Cir. 2007).

Duwe may overcome the procedural bar if he demonstrates either cause for the default and actual prejudice, or that a failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But here, the state court's decision was not contrary to, nor did it involve an unreasonable application of, federal law, *see* 28 U.S.C § 2254(d), and Duwe does not demonstrate actual prejudice.

Even if Duwe's claim were not procedurally barred, it fails on the merits. A habeas petitioner is entitled to relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "In reviewing the matter, we must consider the evidence in the light most favorable to the prosecution and make

all inferences in its favor." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000) (citing *Jackson*, 443 U.S. at 319). Here, C.V. and R.V. gave detailed testimony as to the many acts of sexual abuse that occurred during the relevant time periods. The similarity of the victims' testimony does not undermine their credibility; rather, it was strong evidence of Duwe's *modus operandi* which showed that he committed the acts of which he was accused. Further, both men testified as to the lasting trauma they endured, which Dr. Hughes corroborated was common to adult survivors of sexual abuse. And finally, as Respondent points out, "[b]oth men had come forward to make very embarrassing allegations against petitioner at tremendous personal cost to themselves." Dkt. 15 at 31. This was more than sufficient evidence for the trial court to conclude that Duwe was guilty of the crimes of which he was accused. Accordingly, Duwe's first claim fails.

  2.  *Evidence of Duwe's Uncharged Crimes*

  For his third claim, Duwe contends that the state court's decision to admit evidence of his uncharged bad acts under *People v. Molineux*, 168 N.Y. 264 (1901), deprived him of a fundamentally fair trial. Dkt. 1 at 6. The Appellate Division rejected this claim on the merits, finding that the trial court "providently exercised its discretion in admitting the evidence as it provided necessary background information and the probative value of this evidence outweighed its prejudicial effect." *Duwe I*, 83 N.Y.S.3d at 584. This determination is entitled to "substantial deference," *Fischer*, 780 F.3d at 560, and will not

13

be overturned by a federal court conducting habeas review unless the petitioner can establish that the state court's conclusion was "unreasonable," see 28 U.S.C. § 2254(d). Duwe has not done so here.

"Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where petitioner can show that the error deprived her of a *fundamentally fair* trial." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983). The concept of "fundamental fairness" is rooted in the constitutional right to due process. *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998), *abrogated on other grounds by Perry v. New Hampshire*, 565 U.S. 228 (2012). "Where the prejudicial evidence is 'probative of [an] essential element' in the case, its admission does not violate the defendant's right to due process." *Id.* (citation omitted). "For the erroneous admission of other unfairly prejudicial evidence to amount to a denial of due process, the item must have been 'sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it.'" *Id.* (quoting *Johnson v. Ross*, 955 F.2d 178, 181 (2d Cir. 1992)).

The evidence of Duwe's uncharged crimes was used during trial to show why the victims did not come forward earlier -- during their early encounters with Duwe, they were told that if they told anyone what happened, their family members would be harmed. It also provided useful background to the jury, explaining the

relationship between Duwe and the victims, and when the abuse started. And even if that were not the case, the introduction of this evidence alone was not sufficient to amount to a denial of due process. The jury heard substantial testimony from the victims about the abuse they suffered during the charged periods, and so the evidence of the uncharged conduct was therefore insufficient to remove a reasonable doubt that otherwise existed. Accordingly, Duwe's third claim fails.

### 3. *Ineffective Assistance and Actual Innocence Claims*

Turning to Duwe's second and fourth claims, they are -- as a threshold matter -- unpreserved and procedurally barred. Duwe claims that he was denied his Sixth Amendment right to the effective assistance of counsel and that he is actually innocent of the crimes for which he stands convicted. Duwe admits that these claims are unexhausted, and that he intends to raise them in his motion to vacate judgment pursuant to C.P.L. § 440.10 that "is currently being filed with the Supreme Court of Nassau County." Dkt. 1 at 6-8. Accordingly, these claims are unexhausted and not ripe for habeas review. *See Coleman*, 501 U.S. at 731. Further, even if these claims were exhausted, as already determined by this Court, *see* Dkt. 12, and as discussed below, they still fail on the merits.

15

### 1. *Ineffective Assistance*

In general, to prevail on a claim of ineffective assistance under federal law, a petitioner must (1) show that counsel's performance was so deficient as to fall below "an objective standard of reasonableness"; and (2) establish prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In the context of a habeas petition under 28 U.S.C. § 2254, "[e]stablishing that a state court's application of *Strickland* was unreasonable . . . is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted). Therefore, "[t]he operative question" when a federal court reviews a state court's ineffective assistance of counsel ruling is "not whether [the] federal court believes the state court's determination was incorrect, but rather whether that determination was objectively unreasonable." *Waiters*, 857 F.3d at 478 (alterations adopted) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

The standard to establish an ineffective assistance of counsel claim under New York law is lower than under federal law. *See People v. Honghirun*, 78 N.E.3d 804, 807 (N.Y. 2017). In New York, a defendant must show only "that counsel failed to provide meaningful representation." *People v. Alvarez*, 125 N.E.3d 117, 120 (N.Y. 2019) (citing *People v. Stultz*, 810 N.E.2d 883 (N.Y. 2004); *People v. Baldi*, 429 N.E.2d 400 (N.Y.

16

1981)). Unlike the federal standard, *see Strickland*, 466 U.S. at 694, under the state standard, the defendant is not required to demonstrate that he was prejudiced by the ineffective assistance. *See Alvarez*, 125 N.E.3d at 120.

Duwe has not established that his ineffective assistance of counsel claims are meritorious under *Strickland v. Washington*, 466 U.S. 668 (1984). Dkt. 12 at 6. As a threshold matter, as this Court has explained, there is no "Supreme Court case that holds that collateral consequences of conviction are sufficient to establish *Strickland* prejudice where a defendant, serving identical sentences that run concurrently, challenges only one of two convictions and sentences," *Tavarez v. Larkin*, 814 F.3d 644, 649 (2d Cir. 2016). Dkt. 12 at 7. Accordingly, Duwe's argument that his counsel was ineffective for failing to raise that the second and third counts of the indictment were multiplicitous fails as a matter of law.

Duwe's remaining ineffective assistance claims -- that his counsel failed to (a) request a missing witness charge, (b) call an expert witness to refute the State's expert witness, (c) renew his motion to inspect the victims' school psychiatric records after they testified, and (d) request "CPS records referenced in discovery material" -- also fail. This Court (Komitee, J.) has already held that Duwe " has not demonstrated that any of these claims have potential merit," *see* Dkt. 12 at 7 n.1, and there is no reason to stray from that conclusion. "The responsibility rests with petitioner to 'overcome the presumption that, under the circumstances, the challenged action "might be considered

17

sound trial strategy.'"'" *Constant v. Martuscello*, 119 F. Supp. 3d 87, 142 (E.D.N.Y. 2015), *aff'd*, 677 F. App'x 727 (2d Cir. 2017) (citation omitted). Duwe does not offer any explanation as to why his counsel's choices might amount to unreasonable trial strategy here, and, accordingly, his remaining ineffective assistance claims fail.

### 2. Actual Innocence

Duwe has also not established that he is entitled to habeas relief on the ground that he is actually innocent. As this Court has explained, "[a] freestanding claim of actual innocence is not, in itself, a ground for habeas relief, though it may excuse certain procedural defaults and may be relevant to the analysis of a specific constitutional violation alleged." Dkt. 12 at 7; *see also Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence."). Duwe has not made any plausible showing of actual innocence.

Therefore, Duwe is not entitled to habeas relief on these grounds.

## CONCLUSION

Duwe has failed to show a basis for relief under 28 U.S.C. § 2254. Accordingly, his habeas petition is denied. Additionally, I decline to issue a certificate of appealability because Duwe has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253.

The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of Court shall also mail copies of this memorandum decision and the judgment to Dupree at the address set forth above.

SO ORDERED.

Dated: New York, New York
January 23, 2023

DENNY CHIN
United States Circuit Judge
Sitting by Designation